## 564 NEW JERSEY MISCELLANEOUS REPORTS.

BOARD OF EDUCATION OF THE BOROUGH OF MERCHANTVILLE, complainant,

*v.*

ANNA V. DAVENPORT, defendant.

[Decided June 20th, 1924.]

**Specific Performance—Agreement to Lease and Option to Purchase Signed by Defendant as Executrix Not as Individual— No Power to Sell as Executrix—Specific Performance Will Not Lie—Suit for Damages Against Estate.**

On bill, &c. On final hearing.

*Mr. J. Claude Simon,* for the complainant.

*Mr. Wilburt V. Pike,* for the defendant.

LEAMING, V. C. (orally).

It was probably the purpose of Mrs. Davenport, at the time this lease was signed and the option of purchase given, to bind herself to sell this property at the price named if the borough determined to take it. It was a bargain that she intended to make and which she intended at that time should be binding upon her in every way, and the borough in equally good faith undoubtedly intended to accept a lease that had some value, a lease that could be enforced in case they determined to enforce it, and an option of purchase that could be enforced in case they determined to purchase the property, but instead of taking an option of purchase from Mrs. Davenport in her individual capacity they took an option of purchase from her as executrix of her husband's estate. From a moral standpoint one would say it was the duty of Mrs. Davenport to convey this property.

But it is impossible for this court to say that anyone who signs a contract expressly as an executor or executrix can be bound by it as an individual in a suit for specific performance. Suppose Mr. Parker should be the executor of an estate and should execute a contract whereby he agrees as an executor to sell me a piece of land, no court can compel Mr. Parker to specifically perform that agreement except as executor, because he has agreed to convey as executor and not as an individual. The distinction between a person in his personal capacity and in his capacity as a representative, or as an executor, is so clearly drawn that the two characters or capacities are separate and independent—they are different persons or entities; and while it is probably true that at the time this lease was drawn that word "executrix" was used without due care—whoever drew the agreement probably thinking that the power of sale was in Mrs. Davenport as executrix rather than individually—that error cannot be corrected at this time, because it isn't in the power of the court to now correct it. Mrs. Davenport as executrix has no power to sell this land, and as an individual she can refuse to sell it, and this court cannot compel her to sell it in an action for specific performance. This is a peculiar type of action: it isn't a suit for damages. In this suit a court of equity is asked to compel Mrs. Davenport personally to make good this agreement which she has made as an executrix; it asks her to specifically perform it by executing a personal deed to the land. It is an extraordinary remedy, an unusual remedy, and a remedy unknown to court of law; it is a remedy only known in courts of equity, and it can only be enforced when the right of enforcement is clear.

I take no stock whatever in the defense that is made to the effect that the price of this property was unreasonable; in other words, that Mrs. Davenport, under her husband's will, did not have the right and power to sell this property at $5,300. I consider that she did. There is testimony here to show that at that time the fair value of the property might have been more, perhaps $3,000 more, and there is other testimony that is quite to the contrary, and when it is

a matter of disagreement between competent people as to whether the price was high or low, it surely would not unseat a sale that had been made at the lower price on a theory that it was an unreasonable or unfair price. I have no favorable finding to make in behalf of that defense, but I do hold it is impossible to exercise the remedy here sought, that of compelling Mrs. Davenport personally to make a conveyance. That, however, does not necessarily exempt Mrs. Davenport from liability; complainant still has her contract. She, as executrix, has agreed to sell to complainant this land for $5,300, and she, as executrix, has refused to make good her contract, and if the board of education has suffered damages by her failure to make good that contract, I see no reason why the board cannot recover those damages from her as executrix and enforce the claim as a valid claim against her husband's estate. In a suit at law for damages it would seem that the measure of liability would be the difference between the contract price and the market value of the land when the conveyance should have been made. But that doesn't help the present situation; this court is without power to specifically enforce this agreement against Mrs. Davenport personally, because this is an agreement by her as executrix. Nor can the agreement be reformed and specifically enforced. Reformation would not only add a new party to the agreement, but would also change a writing by parol. The cases of *Schwartzman v. Creveling, 85 N. J. Eq. 402,* and *Schenck v. Spring Lake Beach Improvement Co., 47 N. J. Eq. 44,* and the several cases cited in the former case, are conclusive in the denial of the prayer of this bill.

I will advise a decree dismissing the bill, but without prejudice against a suit at law by the board of education for damages.